UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC McENTARFER,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KERSHAW, MONICA BANSAL, ROSEMARY EMORY, PATRICIA MIGLIURI, CHANCEY BRIDGES, and JILL SWEESY,<br><br>Defendants. | Case No. 1:26-cv-00341-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Eric McEntarfer filed a pro se prisoner Complaint. The Court is required to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), contains a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Having reviewed Plaintiff's filings, the Court has determined that this case is repetitive and therefore malicious under § 1915(e)(2)(B). "It is malicious per se for a pauper to file successive In Forma Pauperis suits that duplicate claims made in other pending or previous lawsuits." *Brinson v. McKeeman*, 992 F.Supp. 897, 912 (D. Tex. 1997); *see Scott v. Weinber*g, 2007 WL 963990, at *12 (D. Wash. 2007) (malicious suits include those that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

Plaintiff has brought the same causes of action against the same Defendants in several federal court cases. *See* Case No. 1:26-cv-00305-DCN, *McEntarfer v. Twin Falls County Prosecutors Office*; 1:26-cv-00322-BLW, *McEntarfer v. Sweesy, et al.*; 1:26-cv-00322-BLW, *McEntarfer v. Sweesy, et al.*; and Case No. 1:25-cv-00308-DCN, *McEntarfer v. Emory, et al*. For the reasons set forth in the Orders issued in these cases, the Court concludes that, here, the claims against the state court judges are barred by absolute judicial immunity, *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978), and the claims against the prosecutors are barred by absolute quasi-judicial immunity. *See Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). In addition,

neither appointed nor retained defense attorneys act under color of state law for § 1983 liability. *See Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977). And, finally, Plaintiff does not state a cause of action under § 1983 against Chancey Bridges, the mother of his children, who is a party to the domestic relations action, because she is not acting under color of state law.

**ORDER**

**IT IS ORDERED:**

1. The Complaint is DISMISSED as repetitive and malicious and for failure to state a claim upon which relief can be granted.
2. Plaintiff is issued a strike under 28 U.S.C. § 1915(g).

DATED: September 24, 2026

David C. Nye
U.S. District Court Judge